FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 29, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAMIE COLLINS,<br><br>                Plaintiff,<br><br>    v.<br><br>GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>                Defendant. | No. 2:21-cv-00206-SMJ<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE** |

Before the Court is Defendant's Motion to Transfer Venue, ECF No. 8. Defendant moves to transfer venue under 28 U.S.C. § 1404(a) to the District Court for the District of Hawaii. Plaintiff opposes the motion. Having reviewed the pleadings and the documents submitted, the Court is fully informed and grants the motion.

## BACKGROUND

Plaintiff, formerly a resident of Hawaii and now a resident of Maine, filed this action in the Eastern District of Washington under the Employee Retirement Income Security Act of 1974 ("ERISA"). While residing in Hawaii, Plaintiff was employed as a sales manager at NSMG Shared Services, LLC ("NSMG"). ECF No. 10 ¶ 2. NSMG maintains an employee welfare benefit plan governed by ERISA. *Id*.

ORDER GRANTING MOTION TO CHANGE VENUE - 1

Defendant Guardian Life Insurance Company of America ("Guardian") issued a group policy to NSMG to fund the long-term disability ("LTD") component of the Disability Income Insurance Plan (the "Plan"). *Id.* Defendant Guardian serves as the claims administrator for LTD claims under the Plan and exercises sole discretion to make disability determinations. ECF No. 1 ¶ 3.2.

Plaintiff submits that on or before September 9, 2019, she became disabled from her sedentary occupation as a sales manager at NSMG, causing her to cease working. *Id.* ¶ 6.1; ECF No. 10-3 at 2. She received Hawaii Temporary Disability Insurance benefits from September 10, 2019, through March 16, 2020. ECF No. 1 ¶ 6.2. On February 26, 2020, Plaintiff applied to Guardian for LTD benefits, noting her address as Kaneohe, Hawaii. ECF Nos. 1 ¶ 6.3; 10-3 at 2. On July 24, 2020, Defendant Guardian denied Plaintiff's LTD claim. ECF No. 1 ¶ 6.4.

Plaintiff timely appealed and Guardian upheld the denial on May 14, 2021. *Id.* ¶¶ 6.5–6.6. In response, Plaintiff submitted a request for reconsideration that included the findings of the Social Security Administration in awarding Social Security Disability Insurance ("SSDI") benefits to Plaintiff. *Id.* ¶ 6.7. Guardian sustained the denial. *Id.* ¶ 6.8. Plaintiff then filed this action, seeking to recover "all unpaid [LTD] benefits" and reinstatement of benefits from the date of judgment until she reaches age 67. *Id.* ¶ 1.1.

ORDER GRANTING MOTION TO CHANGE VENUE - 2

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), this Court may transfer a case to another district where the case might have been brought. To show a transfer is appropriate, the moving party must show (1) venue is proper in the current district, (2) the plaintiff could have brought the current action in the target venue, and (3) the transfer would serve the convenience of the parties and witnesses and promote the interest of justice. *See, e.g.*, *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Transfer may be warranted "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL – 585*, 364 U.S. 19, 26–27 (1960)).

The Court may flexibly consider a variety of factors in evaluating a § 1404(a) motion to transfer, including

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

ORDER GRANTING MOTION TO CHANGE VENUE - 3

## DISCUSSION

The special ERISA venue provision provides that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Defendant does not dispute that venue is proper in this district, but requests a Section 1404(a) transfer in the interest of justice to the District of Hawaii, as this matter could have been brought there. ECF No. 9 at 8. Plaintiff does not dispute that the action could have been brought in the District of Hawaii. *See generally* ECF No. 11. The Court now turns to a flexible, individualized inquiry to determine whether transfer is appropriate.

The considerations weighing against transfer are few. While this district is Plaintiff's choice of forum, "this fact is not significant in this matter, as Plaintiff is not a resident of this District (or even of this Circuit or this state)." *Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharms.*, No. C02-2010 TEH, 2002 WL 31655328, at *3 (N.D. Cal. Nov. 21, 2002). The only connection this action has to this District is that the LTD policy allows claimants to "write to The Guardian" at an address in Spokane, Washington. ECF No. 10-5 at 148. But Plaintiff does not contend that she ever wrote or corresponded with Guardian at this address or anywhere else within this District except to serve her waiver of summons and complaint in this matter. No decisions relevant to this action were made in this

ORDER GRANTING MOTION TO CHANGE VENUE - 4

District. Moreover, none of the parties reside in this District, so Plaintiff's argument for convenience of the parties is unavailing. While the Court recognizes that transferring this case to the District of Hawaii may impose greater travel burdens on the parties in the event this case goes to trial, both parties have acknowledged this matter will likely be tried solely on the administrative record without a need to appear in Court. Moreover, Plaintiff—who currently resides in Maine but filed this action in Washington—has already consented to a distant forum.

On the other hand, the considerations weighing in favor of transfer are considerable. Plaintiff resided in Hawaii during all relevant events relating to her claim, is now a resident of Maine, and has never been a resident of Washington. Plaintiff applied for LTD benefits while living in Hawaii and her treating physicians are presumably still located there. "Even if discovery does not involve live testimony and does not go beyond the administrative record (as is typical in ERISA cases), these individuals would have to travel great distances to testify at a trial in this District." *Long-Term Disability Plan of Sponsor Aventis Pharms.*, 2002 WL 31655328, at *3 (N.D. Cal. Nov. 21, 2002); *see also Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) ("[T]he convenience of non-party witnesses is the more important factor."). For the same reason, access to proof, if needed, will be substantially easier in Hawaii.

ORDER GRANTING MOTION TO CHANGE VENUE - 5

1    Moreover, the alleged breach occurred in Hawaii. *See Keating v. Whitmore*,
2  981 F. Supp. 890, 892 (E.D. Pa. 1997) (breach of an ERISA plan takes place where
3  benefits are to be received). The relative congestion of the districts also favor
4  transfer. The District of Hawaii has a lower number of civil case filings, which may
5  allow the parties to obtain a more expeditious resolution of Plaintiff's claims.[1]
6  Finally, the Court agrees with Defendant that Hawaii has a greater interest in
7  deciding a local controversy between its former resident and a company whose plan
8  applies specifically to Hawaii employees. *Decker Coal Co. v. Commonwealth*
9  *Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (In ruling on a motion to transfer
10 venue, courts may properly consider "the local interest in having localized
11 controversies decided at home.").

12    Ultimately, the Court concludes that it is in the interest of justice to transfer
13 this case to the District of Hawaii. Plaintiff's claims are unrelated to the Eastern
14 District of Washington and this District lacks an interest in them. The Court
15 recognizes that prosecuting this action in the District of Hawaii may present a
16 burden for Plaintiff if this case proceeds to trial, but this is not a sufficient reason to

---

[1] *See* UNITED STATES COURTS, STATISTICAL TABLES FOR THE FEDERAL JUDICIARY tbl.C-1: U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Period Ending June 31, 2021 (2021), https://www.uscourts.gov/statistics/table/c-1/statistical-tables-federal-judiciary/2018/12/31; *Heller Fin., Inc. v. Midwhey Powder Co.* 883 F.2d 1286, 1293 (9th Cir. 1989) (noting that speedy trials are in the interest of justice).

ORDER GRANTING MOTION TO CHANGE VENUE - 6

keep this action in an unrelated forum.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Transfer Venue, **ECF No. 8**, is **GRANTED**.

2. The Clerk's Office shall **TRANSFER** this matter to the United States District Court for the District of Hawaii.

3. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this day 29th of November 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING MOTION TO CHANGE VENUE - 7